# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHEMIKA GRIFFIN | CIVIL ACTION |
| VERSUS | NO: 09-2453 |
| LOUISIANA CITIZENS PROPERTY INSURANCE CORPORATION | SECTION: "C" (3) |

## ORDER AND REASONS[1]

This matter is before the Court on the issue of its subject matter jurisdiction. The Court previously ordered that the parties submit memoranda on the issue of amount in controversy at the time of filing. Rec. Doc. 2. The plaintiff argued that the jurisdictional minimum was satisfied. Rec. Doc. 4. The defendant has not submitted a memorandum addressing subject matter jurisdiction but has filed an answer to plaintiff's complaint. Rec. Doc. 7. Having considered the record, the plaintiff's memorandum, and the law, the Court has determined that it lacks jurisdiction for the following reasons.

## I. BACKGROUND

The plaintiff homeowner Chemika Griffin originally filed suit in the Eastern District of Louisiana as part of the mass insurance case of *Abadie et al. V. Aegis Sec. Ins. Co.*, Civil Action No. 06-5164, to recover payment for property damage under her insurance policy with Louisiana Citizens Property Insurance Corporation ("LCPIC"). Rec. Doc. 1. The case was consolidated

---

[1] Anna Elsohn, a second year student at Loyola University New Orleans College of law assisted in the preparation of this opinion.

with the *In Re Katrina Canal Breaches Consolidated Litigation*, 495 F.3d 191 (5th Cir. 2007). Magistrate Judge Wilkinson issued an order requiring the plaintiffs to each file an individual amended complaint asserting claims as to their respective property. The homeowner then filed an individualized amended complaint against State Farm. Rec. Doc. 1.

At the time of Hurricane Katrina, on August 29, 2005, homeowner Chemika Griffin claims she was insured under a LCPIC homeowners' insurance policy which provided coverage to her home located at 6 Victorian Ct. in Violet, Louisiana. Rec. Doc. 1 at 2. She claims her insurance contract was an "all risk" policy. *Id*. She did not state what her policy limits were for, nor did she provide a copy of her insurance policy. The plaintiff did not allege in her memorandum how much she was claiming in damages, she did attach a copy of a letter sent to LCPIC by her attorney that spells out the amount she was alleging in damages. Rec. Doc. 4-2. The homeowner alleges Hurricane Katrina caused damage to her home, in the amount of $74,759.52, though she did not provide any affirmative proof to substantiate this estimate. Rec. Doc. 4-3. Plaintiff also claims there was damage to the contents of her home, in the amount of $37,379.76, and that she acquired a total of $22,632.48 in additional living expenses. *Id*. Plaintiff alleges the defendant has paid her a total of $0 to date, and claims that a total of $138,780.77 remains to be paid. *Id*.

The defendant did not submit a memorandum addressing subject matter jurisdiction but did file an answer to plaintiff's complaint. The plaintiff alleges that defendant has paid $0. Rec. Doc. 4-2 at 1. The plaintiff also claims statutory penalties, interest, and attorney fees under La. R.S. 22:658 and La.R.S. 22:1220. Rec. Doc. 4 at 5. The plaintiff alleges that this Court has

subject matter jurisdiction on the basis of diversity of citizenship.[2]

## II. LAW AND ANALYSIS

Under 28 U.S.C. §1332, federal district courts have original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–citizens of different states..." 28 U.S.C. §1332. Parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 858 (5th Cir. 1999). Rather, the court must independently determine whether or not it has jurisdiction over the parties and the subject matter of the dispute. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999). The party attempting to invoke jurisdiction must "allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 187 (1938) (*citing McNutt v. General Motors Corp.*, 298 U.S. 178, 182-189 (1936)); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir. 1983) (*cert. denied*, 459 U.S. 1107 (1983)). The courts have further instructed that a jurisdictional determination must be conducted in such a manner as to enable an appellate court to ascertain whether the evidence supports the ultimate finding. *Opelika Nursing Home, Inc. v. Richardson*, 448 F.2d 658 (5th Cir. 1971).

Because the domicile of neither the plaintiff nor the defendant is disputed, and the parties are completely diverse for the purposes of diversity jurisdiction, Rec. Doc. 1, the sole issue in this case is whether there is, in fact, over $75,000 in controversy. The majority of Fifth Circuit

---

[2] Plaintiff has the burden to show that the Court has subject matter jurisdiction over the matter. Plaintiff is domiciled in the State of Louisiana. Rec. Doc. 1. LCPIC is a foreign insurer authorized to do business in the State of Louisiana and is therefore domiciled in the State of Louisiana for the purposes of diversity jurisdiction. *Id*. The parties are therefore completely diverse.

cases concerning amounts in controversy deal with cases that were removed from state to federal court. The Fifth Circuit has, however, applied the same principles and procedures to matters over which the federal court has original jurisdiction. *See St. Paul Reinsurance Co. Inc. v. Greenberg*, 134 F.3d 1250 (5th Cir. 1998) (dealing with an action for declaratory judgment).

In cases that are removed from state court to federal court, the removing party must be able to show by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). *See also Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999). The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) "by setting forth the *facts* in controversy–preferably in the removal petition, but sometimes by affidavit–that support a finding of the requisite amount." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (emphasis in original). In *Allen*, the court explained that if this "facially apparent" test has not been met, the court may instead require that the parties show "summary judgment-type evidence" regarding the amount in controversy. *Id*. The burden of proving that the minimum jurisdictional amount has been satisfied is on the party invoking the court's jurisdiction. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283 (1938), *see also McNutt v. General Motos Corp.*, 298 U.S. 178 (1936). In this case, therefore, that burden falls on the plaintiff.

Furthermore, in cases concerning insurance policies, the relevant inquiry to determine the amount in controversy is the damage to the property at the time the initial complaint is filed, not the insurance policy limits or the value of the property. *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908 (5th Cir. 2002). Accordingly, in this case the plaintiff's damage estimate, and not

4

the policy limits, controls. The plaintiff, however, has not provided any estimate of the damages she claims her property sustained. Therefore, it is impossible to determine how much remains in controversy between the parties. Parties would need to provide evidence implicating the limits of the policy, damage assessments, or repair estimates. *Fernandez v. Allstate ins. Co.*, 2008 WL 314405 (E.D.La. 2008).

In her memorandum addressing subject matter jurisdiction, the plaintiff states that damage evaluations were calculated using software to calculate the scope of physical damage to the structure of the home. Rec. Doc. 4 at 4. She alleges damages in the amount of $138,780.77. Rec. Doc. 4-3 at 1. This total includes $74,759.52 for the dwelling, $4,009.01 for extensions, $37,379.76 for contents and $22,632.48 for loss of use (additional living expenses). Rec. Doc. 4-3 at 1. However, the plaintiff has not provided affirmative proof for any of those items. Rec. Doc. 4-3 at 1. The plaintiff has not provided a copy of her insurance policy, nor has she stated what her policy limits were. Without affirmative proof of the damage she claims her property sustained, it is impossible to determine how much remains in controversy between the parties.

Finally, the plaintiff claims she may be entitled to potential statutory damages, penalties, and attorneys fees under La. R.S. 22:658 and La. R.S. 22:1220. Rec. Doc. 1 at 7,8. Simply stating that she may be entitled to penalties is not enough. The plaintiff would have needed to present actual facts indicating the propriety of such penalties and indicating why she is actually entitled to those penalties. *Thompson v. Allstate Ins. Co.*, 2007 WL 763219 (E.D.La. March 18, 2007). The statutes cited by the plaintiff, La. R.S. 22:658 and La. R.S. 22:1220 spell out the insurer's duty of good faith and fair dealing as well as the insurer's affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims. They also require

findings of fact. La. R.S. 22:658 and La. R.S. 22:1220. Neither party has provided facts relevant to the allocation of penalties. In *St. Paul Reinsurance Co.*, the Fifth Circuit held that a statutory penalty that required no adjudication could be used to establish threshold jurisdiction, *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250 (5th Cir. 1998), but they did not hold that any claim for statutory penalties that would raise the amount in controversy above the jurisdictional minimum would suffice. The plaintiff may be entitled to penalties, but the Louisiana statute details six specific actions that constitute a "breach," and the "breach" must be demonstrated with actual evidence. The plaintiff has not provided evidence demonstrating the "arbitrary and capricious" nature of the defendant's acts.

Neither party has demonstrated that the amount in controversy exceeds the required minimum of $75,000, therefore, this Court does not have subject matter jurisdiction over this action.

### III. CONCLUSION

Accordingly,

IT IS ORDERED that plaintiff's complaint is hereby DISMISSED for lack of subject matter jurisdiction under 28 U.S.C. §1332.

New Orleans, Louisiana this 1st day of July, 2009.

_____
**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**

6